UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

ANNA GARZA,

    *Plaintiff*,

v.                                      Case No. SA:19-CV-0252-JKP

WALMART STORES TEXAS, LLC,

    *Defendant*.

## MEMORANDUM OPINION AND ORDER

The Court has under consideration *Defendant Walmart's Motion for Summary Judgment* (ECF No. 33). After Plaintiff failed to respond to the motion, the Court sua sponte gave her an additional fourteen days to respond. *See Order (ECF No. 34)*. Even with the additional time, Plaintiff has filed no response.

### I. BACKGROUND

Defendant Walmart Stores Texas, LLC removed this slip-and-fall action to this Court on March 13, 2019. *See Notice of Removal* (ECF No. 1). Plaintiff asserts a single negligence claim in this action. *See Pl.'s Am. Compl. (ECF No. 20)*. She premises her negligence claim on Defendant (1) maintaining a dangerous condition on its premises, (2) failing to warn of the dangerous condition, (3) failing to reasonably inspect and discover the dangerous condition, and (4) failing to ameliorate and make the dangerous condition safe. *See id.* at 2-3.

As set out in uncontested facts by Defendant, this case concerns a March 3, 2018 slip and fall by Plaintiff on rainwater in the entryway. Video evidence shows that she passed a warning cone displaying "CAUTION" and "WET FLOOR," and depicted a falling figure. Plaintiff fell just inside the entryway a few feet from the cone. Evidence showed it was very wet outside and there was a mat placed in the doorway. Plaintiff testified that she did not know how long the water had

been on the floor before she slipped. She further testified that she was not paying attention to the floor and acknowledged that she walked over the floor mat. Defendant now moves for summary judgment.

## II. MOTION FOR SUMMARY JUDGMENT

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[1] Fed. R. Civ. P. 56(a). "As to materiality, the substantive law will identify which facts are material" and facts are "material" only if they "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Disputes over material facts qualify as "genuine" within the meaning of Rule 56 when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* Given the required existence of a genuine dispute of material fact, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Id.* at 247-48. A claim lacks a genuine dispute for trial when "the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." *Scott v. Harris*, 550 U.S. 372, 380 (2007) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986)).

The "party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). When considering a motion for summary judgment, courts view all facts and reasonable inferences drawn from the record "in the light most favorable to the party opposing the motion." *Heinsohn v. Carabin & Shaw, P.C.*, 832 F.3d 224, 234 (5th Cir. 2016) (citation omitted). Once the movant has

---

[1] The summary judgment standard "remains unchanged" despite 2010 amendments to Fed. R. Civ. P. 56 that replaced "issue" with "dispute." Fed. R. Civ. P. 56 advisory committee notes (2010 amend.). Although the standard remains the same, the Court utilizes the amended terminology even when relying on caselaw that predates the amendments.

carried its summary judgment burden, the burden shifts to the non-movant to establish a genuine dispute of material fact. With this shifting burden, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. "Unsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment." *Heinsohn*, 832 F.3d at 234 (citation omitted). Additionally, the courts have "no duty to search the record for material fact issues." *RSR Corp. v. Int'l Ins. Co.*, 612 F.3d 851, 857 (5th Cir. 2010); *accord Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 651 (5th Cir. 2012).

It is well-established that courts do not grant a default summary judgment merely because the motion elicited no response. *See Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 362 n.3 (5th Cir. 1995) ("The movant has the burden of establishing the absence of a genuine issue of material fact and, unless he has done so, the court may not grant the motion, regardless of whether any response was filed."); *Gonzales v. Wells Fargo Bank, N.A.*, No. 19-CV-00278-DC, 2020 WL 7445973, at *2 (W.D. Tex. Nov. 23, 2020); *Simmons v. Vanguard Res. Inc.*, No. 5:19-CV-0848-JKP, 2020 WL 4738949, at *2 (W.D. Tex. Aug. 14, 2020). Indeed, Fed. R. Civ. P. 56(e) sets out various discretionary options that courts may utilize when any party "fails to properly addresses another party's assertion of fact as required by Rule 56(c)," including (2) considering "the fact undisputed for purposes of the motion" or (3) granting "summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it."

Defendant timely moved for summary judgment. It supports its motion with deposition testimony and other evidence. Plaintiff has filed no response to the motion despite two opportunities to do so. For purposes of the instant motion, the Court considers the facts presented by

Defendant to be undisputed in accordance with Rule 56(e)(2) and considers whether Defendant is entitled to summary judgment as permitted by Rule 56(e)(3).

As set forth by Defendant in its motion, whether the Court considers Plaintiff's claim as merely a claim of negligence or one for premises liability, the claim does not survive summary judgment. Given Plaintiff's lack of response, the Court sees no need to belabor the legal standards applicable to such claims. Suffice to say, Plaintiff's claim does not satisfy the requisite elements for either negligence or premises liability under Texas law.

### III. CONCLUSION

After reviewing the briefing and summary judgment evidence, Plaintiff's amended complaint, and the relevant law, the Court **GRANTS** *Defendant Walmart's Motion for Summary Judgment* (ECF No. 33). By separate document, the Court will enter Final Judgment for Defendant.

**SIGNED this 25th day of February 2021.**

*/s/ Jason Pulliam*
_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE